SO ORDERED.

SIGNED this 20th day of August, 2013.



Dale L. Somers
United States Bankruptcy Judge

___

Not Designated for Publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re:<br><br>PHILLIP CRAIG LUTZ,<br>VICKI JOELLA LUTZ,<br><br>        DEBTORS. | CASE NO. 12-12149<br>CHAPTER 7 |
| BLI RENTALS, LLC,<br><br>        PLAINTIFF,<br><br>v.<br><br>PHILLIP CRAIG LUTZ,<br>VICKI JOELLA LUTZ,<br><br>        DEFENDANTS. | ADV. NO. 12-5179 |

### ORDER DETERMINING THAT JUDGMENT WILL BE ENTERED AGAINST THE DEFENDANT-DEBTORS BASED ON THEIR FAILURE TO RESPOND TO DISCOVERY REQUESTS

This proceeding is before the Court following a status conference on July 2, 2013. Plaintiff BLI Rentals, LLC, appeared by counsel Robert N. Symmonds, and the Defendant-Debtors appeared by counsel Russell W. Davisson. The Court discussed the proceeding with counsel, and took under advisement the Plaintiff's request for entry of a default judgment. After giving the matter due consideration, the Court is now ready to rule.

**Facts**

In April 2008, the Debtors entered into a rental-purchase agreement with the Plaintiff for a portable building. Through their attorney, the Debtors have admitted they subsequently sold the building without accounting to the Plaintiff for the proceeds. In May 2011, the Plaintiff sued the Debtors in a Kansas state court, seeking in one count a balance of $4,041.99 that remained due under the rental-purchase agreement, and in a second count that same contract balance plus attorney fees of $1,800 and punitive damages of $5,000 based on the Debtors' alleged conversion of the building.

In October 2011, the state court granted a judgment for the Plaintiff. The court noted that the Plaintiff had served the Debtors with discovery requests, but they had failed to respond and the Plaintiff had moved for sanctions based on that failure. The court declared the Debtors had admitted the allegations of the Plaintiff's petition by failing to deny facts asserted in requests for admission that had been served on them. Based on those admissions, the court found the facts alleged in both counts of the Plaintiff's petition were established and granted judgment as requested in both counts. The Plaintiff

2

was able to collect some money, but as of August 7, 2012, the day the Debtors filed a Chapter 7 bankruptcy petition, they still owed $8,675.05 on the judgment.

On November 5, 2012, the Plaintiff filed the complaint that commenced this adversary proceeding, seeking a determination that its judgment was excepted from the Debtors' discharge by § 523(a)(6) as a debt for a willful and malicious injury to it or its property. Through their attorney, the Debtors filed an answer. A Report of Parties' Planning Meeting was filed, which the Court approved on December 28, 2012. All pretrial discovery was to be completed by March 31, 2013, a pretrial order was due by May 1, and the case was to be ready for trial by July 1.

A status conference in the proceeding was held on June 18. The Debtors had not yet responded to either interrogatories or requests for admission that the Plaintiff had served on them. The Plaintiff's attorney said the Plaintiff would especially like to be told who the Debtors sold its building to, so it could try to recover its property from the buyer. The Debtors' attorney reported that he had not had a lot of contact with the Debtors, and that both of them had lost their jobs. He conceded the Debtors had sold the building and didn't account to the Plaintiff for the proceeds. He thought the Debtors would most likely reach a settlement with the Plaintiff, and would get materials together to respond to the discovery requests. At the end of the conference, another status conference was set for July 2. The Court said something needed to happen in the case, and advised the Debtors' attorney that the Debtors must make up their minds by the next conference whether to settle the case, and that their failure to respond to the discovery could lead to a default

judgment against them. The attorney said he would work on it.

The second status conference was held on July 2. The parties had not reached any settlement. The Debtors' attorney said his clients had not been responsive to him about the Plaintiff's discovery requests. The Plaintiff's attorney asked the Court to sanction them by granting the Plaintiff judgment as prayed for in its petition. The Court took the case under advisement.

**Discussion**

Federal Rules of Bankruptcy Procedure 7026 to 7037 make the civil discovery rules, Federal Rules of Civil Procedure 26-37, apply to adversary proceedings. Civil Rule 33 authorizes interrogatories and Rule 36 authorizes requests for admission. Rule 37(a) permits a party seeking discovery to move for an order compelling another party to make an appropriate response to the discovery being sought, and Rule 37(b)(2)(A) specifies a number of sanctions that are available if a party fails to obey a discovery order. The Court's oral direction to the Debtors' attorney at the June 18 hearing constituted an order compelling the Debtors to respond to the Plaintiff's discovery requests.[1]

Rule 37 (b) is labeled "**Failure to Comply with a Court Order**" and as relevant here, provides:

> **(2)** *Sanctions in the District Where the Action Is Pending.*
>
> (A) *For Not Obeying a Discovery Order.* If a party . . . fails to obey an

---

[1] 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure: Civil 3d*, § 2289 at 534-35 (2010) (order to compel need not have been in writing to make sanctions available under Rule 37(b)).

4

> order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
>> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>>
>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>>
>> (iii) striking pleadings in whole or in part;
>>
>> (iv) staying further proceedings until the order is obeyed;
>>
>> (v) dismissing the action or proceeding in whole or in part;
>>
>> (vi) rendering a default judgment against the disobedient party; or
>>
>> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

The Court has discretion to decide whether or not to impose sanctions,[2] but the Tenth Circuit has advised: "[a] default judgment is a harsh sanction that will be imposed only when the failure to comply with discovery demands is the result of '"wilfullness, bad faith, or [some] fault of petitioner" rather than inability to comply.'"[3] "A 'willful failure' is an intentional failure rather than involuntary noncompliance."[4] The Debtors have not

---

[2]*National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 642 (1976).

[3]*FDIC v. Daily*, 973 F.2d 1525, 1530 (10th Cir. 1992), (*quoting M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir. 1987) (*which was quoting National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 640 (1976) (*which was quoting Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212 (1958))).

[4]*M.E.N. Co. v. Control Fluidics*, 834 F.2d at 872–73.

informed either their attorney or the Court of any circumstance that is preventing them from complying with their discovery obligations. Certainly there is no reason to suspect they might not know who they sold the Plaintiff's building to. The Court concludes they have intentionally failed to respond to the Plaintiff's discovery requests.

The Tenth Circuit also requires courts to determine that a default judgment is a just sanction for the offending party's misconduct.[5] To decide that, the court should consider not only the culpability of the party, but also a number of other factors, including: "(1) the degree of actual prejudice to the non-offending party; (2) the amount of interference with the judicial process caused by the offending party; (3) whether the court warned the offending party in advance that default judgment would be a likely sanction for noncompliance; and (4) the efficacy of lesser sanctions."[6]

The Debtors' failure to respond to the Plaintiff's discovery requests has caused significant prejudice to the Plaintiff and interfered with the judicial process in this case. The Debtors' failure to inform the Plaintiff who they sold its building to has prevented it from seeking to recover its property from the buyer. The failure to respond has prevented the completion of pretrial discovery by the March 31, 2013 deadline the parties agreed to in their Report of Parties' Planning Meeting, and consequently also prevented the case from proceeding according to other agreed deadlines, including completing a pretrial

---

[5] *EBI Securities Corp. v. Net Command Tech, Inc.*, 85 Fed. Appx. 105, 108, 2003 WL 22995502 (10th Cir. 2003) (*opinion not designated for publication*).

[6] *Id*. (*citing Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), which concerned dismissal as a sanction for discovery misconduct).

6

order by May 1 and being ready for trial by July 1.

At the June 18 status conference, the Court warned the Debtors' attorney that a default judgment would likely be entered if they did not respond to the discovery requests submitted to them. The Debtors' failure to satisfy the Plaintiff's judgment, their bankruptcy filing, and their attorney's report that they have lost their jobs make clear that a monetary sanction would not be effective here; it would simply add another debt they cannot pay. Because the Plaintiff has already obtained a judgment in a state court determining the Debtors' liability on its claim and the Debtors' attorney admitted they sold the Plaintiff's building and didn't account for the proceeds, the only question remaining in this proceeding is whether the Debtors' actions were willful and malicious so their debt to the Plaintiff must be excepted from discharge under § 523(a)(6). Directing that facts be deemed admitted or striking the Debtors' answer (their only pleading in this proceeding) would leave the entry of a default judgment against them on the dischargeability question as the inevitable next step, and serve no purpose as a sanction. In addition, the Debtors' failure to respond to the discovery in this proceeding is a continuation of their approach to the Plaintiff's state court lawsuit, where the default judgment against them was entered based on their failure to respond to discovery. The Court is not willing to countenance the Debtors' actions by allowing them to continue to use the discovery process to delay the Plaintiff's collection efforts.

**Conclusion**

For these reasons, the Court concludes the Plaintiff is entitled to the entry of a

7

Case 12-05179    Doc# 22    Filed 08/20/13    Page 7 of 8

default judgment as a sanction for the Debtors' failure to respond to its discovery requests. The Plaintiff's state court judgment will be declared to be excepted from the Debtors' discharges by § 523(a)(6) as a debt incurred by willful and malicious injury to the Plaintiff or its property.

The foregoing constitutes Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure. A judgment based on this ruling will be entered on a separate document as required by FRBP 7058 and FRCP 58(a)

# # #